UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

ERIC WAYNE DOTSON,  )
                    )
    Petitioner,     )    Civil No. 6: 19-251-HRW
                    )
v.                  )
                    )
GREGORY KIZZIAH, Warden,  )    **OPINION & ORDER**
                    )
    Respondent.     )

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Federal inmate Eric Dotson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' calculation of his sentence. [D. E. No. 1] The Court must conduct an initial review of the petition before proceeding further. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In response to Dotson's recent inmate grievances, the BOP set forth at length the pertinent historical facts as follows:

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Dotson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

A review of your record revealed you were arrested on April 8, 1998, by state authorities in Warren County, Kentucky, for Robbery in the First Degree. You escaped from custody on July 6, 2008; however, you were later arrested by state authorities in Memphis, Tennessee, and returned to the custody of the State of Kentucky. On September 8, 1998, you were sentenced in Warren County Circuit Court, Case Number 98CR00562, to a 20-year term of confinement for Robbery in the First Degree, and in Case Number 98CR00329, to a life term of confinement for Persistent Felony Offender, Second Degree. You were subsequently sentenced on November 13, 1998, in Warren County Circuit, Case Number 98CR456, to a 10-year term of confinement for Escape, Second Degree.

On March 26, 1999, you were transferred to federal custody pursuant to a writ for prosecution. On November 19, 1999, you were sentenced in the Western District of Oklahoma, to a 262-month federal term of imprisonment. The respective federal judgment indicates the federal sentencing court ordered the term to operate consecutively to any other sentence you were serving at that time. You were returned to the custody of the State of Kentucky on January 12, 2000.

The Supreme Court of Kentucky issued an opinion on April 13, 2000, reversing the sentence and conviction in Warren County Circuit Court, case numbers 98CR00562 and 98CR00329. Each case was remanded to the Warren Circuit Court for a new trial. Although the sentence and conviction in case numbers 98CR00562 and 98CR00329 were reversed, you remained in the custody of the State of Kentucky, for the continued service of the 10-year state term in Case Number 98CR456.

On June 16, 2000, you were sentenced in Cobb County, Georgia, Case Number 560462, to a 20-year term of confinement for Armed Robbery - Felony. This sentence commenced on June 16, 2000, with jail credit applied from February 23, 1999 through June 15, 2000, thereby establishing a February 22, 2019, Mandatory Release Date (MRD).

You were later sentenced on August 31, 2000, in Jefferson County, Kentucky, Case Number 98CR1719, to a 10-year term of confinement for Robbery, Second Degree. This sentence operated concurrently with your previously imposed state terms of confinement. Following a retrial in Warren County Circuit Court, case numbers 98CR00562 and

2

98CR00329, you were sentenced on April 27, 2001, to a 20-year state term of confinement. The new 20-year term was ordered to operate consecutively to any other previously imposed sentence. As a result, you were subject to a 30-year state term of confinement in Kentucky.

On September 2, 2004, you were released from the Kentucky Department of Corrections, via parole, to the custody of the State of Georgia. After completing the service of the 20-year term of confinement in the State of Georgia, you were released to the exclusive custody of federal authorities on February 22, 2019. In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(a), commencement of your federal sentence was effected when you came under the primary jurisdiction of federal authorities on February 22, 2019.

[D. E. No. 1-2 at 27-28].

As a supplement to the BOP's description, Dotson committed armed robberies in Kentucky on July 21, 1997 and January 28, 1998. He then traveled to Cobb County, Georgia and robbed a jewelry store on February 26, 1998 before proceeding to Oklahoma to commit another armed robbery on March 25, 1998. Dotson was arrested in Kentucky in April 1998, where he was convicted on several charges in fall 1998 as described above. Dotson was then indicted on the Georgia armed robbery charges on December 17, 1998, and that state lodged a detainer with Kentucky on February 10, 1999. See *Dotson v. United States*, No. 3: 12-CV-04-DHB-WLB, 2013 WL 1786568, at *1 (S.D. Ga. Mar. 7, 2013).

Dotson was then transferred into federal custody in Oklahoma pursuant to a writ of habeas corpus *ad prosequendum*. In 1999 a jury found Dotson guilty of Hobbs Act robbery in violation of 18 U.S.C. § 1951, use of a firearm during the

3

commission of a crime of violence in violation of 18 U.S.C. § 924(c), and transportation of stolen goods in violation of 18 U.S.C. § 2314. In November 1999 the trial court sentenced Dotson as a career offender to 322 months imprisonment "to be served after any other sentence that he is currently serving." The Tenth Circuit affirmed on direct appeal. *United States v. Dotson*, No. 98-CR-203-001-A (W.D. Okl. 1998), *aff'd*, 242 F. 3d 391 (10th Cir. 2000), *cert. denied*, 531 U.S. 1180 (2001). Dotson's motion for relief pursuant to 28 U.S.C. § 2255 was denied, a determination affirmed by the Tenth Circuit. *United States v. Dotson*, 28 F. App'x 801 (10th Cir. 2001). Meanwhile, in April 2000 after the federal prosecution had concluded Dotson was transferred to Georgia for prosecution on its charges. Following his conviction for armed robbery, the Georgia court imposed a 20-year sentence, which was silent with respect to whether it should run consecutively to or concurrently with any previously imposed sentence. *Dotson v. State*, 560 S. E. 2d 349 (Ga. App. 2002).

In the years after Kentucky paroled Dotson in 2004, he filed six habeas corpus petitions or civil actions seeking his transfer into federal custody to begin service of his federal sentence. See *Dotson v. Donald*, No. 1: 08-CV-1990-TCB (N.D. Ga. 2008); *Dotson v. United States*, No. 3: 12-CV-04-DHB-WLB (S.D. Ga. 2012) [D. E. No. 1 therein at 29-30]. Dotson argued that following his parole he belonged in federal, not Georgia, custody because (he claimed) federal authorities had filed their detainer with Kentucky before Georgia had done so. In response to a similar motion

that Dotson filed in the federal trial court, the government contended that Kentucky's transfer of Dotson to Georgia was entirely proper as it was purely a matter of comity. It further noted that the federal judgment expressly made his federal sentence consecutive to his pre-existing Kentucky sentence, and that his future Georgia sentence was consecutive to his federal sentence through operation of 18 U.S.C. § 3584(a). Brief for Plaintiff-Appellee, *United States v. Dotson*, 430 F. App'x 679, 681-82 (10th Cir. 2011), No. 11-6001, 2011 WL 2440768, at *15-20. The Tenth Circuit denied relief on procedural grounds, concluding that Dotson's motion failed to establish grounds for mandamus relief if construed as a motion under 28 U.S.C. § 1361 and that the trial court lacked jurisdiction to entertain the motion if construed as a habeas corpus petition under § 2241. *United States v. Dotson*, 430 F. App'x 679, 681-82 (10th Cir. 2011).

While still serving his Georgia sentence, in 2012 Dotson filed a § 2241 petition in that state repeating his arguments that Kentucky should have transferred him to federal custody in 2004 rather than to Georgia, and that his federal and Georgia sentences should run concurrently (or that he receive sentence credit for time spent in state custody). The federal court in Georgia denied the petition.

First, it noted that Kentucky obtained primary jurisdiction over Dotson because it arrested him first, and retained that priority until it released him on parole in 2004. After that, to which jurisdiction - Georgia or the United States - Kentucky

chose to release him was solely a matter of comity between sovereigns, not a decision over which Dotson had any protectable interest or right. The Court also noted that there was no evidence to support Dotson's factual allegation that the United States had filed a detainer with Kentucky before Georgia did so in 1999 (U.S. Marshals later filed a federal detainer with Georgia in 2009),[2] and no legal basis to conclude that it would have made a difference if it had. *Dotson*, 2013 WL 1786568 at *2-3 (citing *Moody v. Daggett*, 429 U.S. 78, 80 n.2 (1976)).

Second, the habeas court held that the 1999 federal judgment's silence with respect to the then as-yet unimposed 2000 Georgia sentence implicated the statutory presumption that the federal sentence will run consecutively to the state sentence pursuant to 18 U.S.C. § 3584(a).[3] The habeas court further concluded that the BOP's 2011 determination to deny Dotson's request for a *nunc pro tunc* designation was

---

[2] See *Dotson v. United States*, No. 3: 12-CV-04-DHB-WLB (S.D. Ga. 2012) [D. E. No. 8 therein at 8; D. E. No. 8-1 (Decl. of John Farrar) therein at 5, 50, 52].

[3] In doing so, the habeas court expressly noted that the Supreme Court's then-recent decision in *Setser v. United States*, 566 U.S. 231 (2012) did not affect the outcome. *Dotson*, 2013 WL 1786568 at *3 n.12. In *Setser*, the Supreme Court held that Section 3584(a) does not preclude a federal district court from ordering that its sentence be served consecutively to or concurrently with an anticipated state sentence that has not yet been imposed. *Id.* at 237-39. But this holding was consistent with the longstanding rule in both the Tenth Circuit (which includes Oklahoma) and the Eleventh Circuit (which includes Georgia) at the time when the respective judgments were entered. See *Heddings v. Garcia*, 491 F. App'x 896, 899 (10th Cir. 2012) (citing *Anderson v. United States*, 405 F.2d 492, 493 (10th Cir. 1969)) and *United States v. Ballard*, 6 F.3d 1502, 1505-07 (11th Cir. 1993).

not an abuse of discretion in light of the applicable factors set forth in 18 U.S.C. § 3621(b) and the sentencing court's decision not to recommend such a designation. *Dotson v. United States*, No. 3: 12-CV-04-DHB-WLB, 2013 WL 1786568, at *3-5 (S.D. Ga. Mar. 7, 2013), *report and recommendation adopted*, 2013 WL 1786559 (S.D. Ga. Apr. 25, 2013). The habeas court therefore denied the petition, and Dotson took no appeal from that determination.

Shortly after Dotson completed his Georgia sentence, he was transferred into BOP custody in early 2019 to begin service of his federal sentence. Dotson promptly filed inmate grievances contending that his federal sentence should have commenced immediately in April 2000 when the Kentucky Supreme Court reversed two of his four state convictions, or alternatively that he was entitled to a *nunc pro tunc* designation beginning in 2004 when he was transferred to Georgia custody. The BOP denied those requests. It first noted that in April 2000 Dotson remained in Kentucky custody pursuant to two Kentucky convictions left undisturbed by the Kentucky Supreme Court's reversal of two other convictions, and that following retrial on the vacated counts he was again convicted in the Warren Circuit Court and sentenced for the two offenses. Therefore the federal sentence was consecutive to the sentences imposed by Kentucky pursuant to federal judgment's express direction. Of course, the Georgia conviction was not imposed until June 2000, and hence was not a sentence that Dotson was "currently serving" when the federal

judgment was entered in 1999. The federal judgment was therefore silent with respect to concurrency vis-a-vis the Georgia sentence. However, that silence rendered the federal sentence consecutive pursuant 18 U.S.C. § 3584(a). In addition, the Oklahoma federal court was aware in 1999 that it could order its sentence to run concurrently with a future sentence, cf. *United States v. Williams*, 46 F. 3d 57, 58 (10th Cir. 1995), but it chose not to do so. The federal sentence was therefore also consecutive to his Georgia sentence. Second, the BOP nonetheless considered whether a *nunc pro tunc* designation was appropriate under *Barden v. Keohane*, 921 F. 2d 476 (3d Cir. 1990) and BOP Program Statement 5160.05. Because the federal sentencing court had declined to give a recommendation one way or another and upon consideration of the relevant factors, the BOP declined to apply a retroactive designation. [D. E. No. 1-2 at 20-29]. See also *Dotson v. United States*, No. 3: 12-CV-04-DHB-WLB (S.D. Ga. 2012) [D. E. No. 8 therein at 13-15; D. E. No. 8-1 (Decl. of John Farrar) therein at 78, 80].

In his petition Dotson contends that the BOP's refusal to grant a *nunc pro tunc* designation violates his right to equal protection under the law and his right to due process. For relief, Dotson seeks either his immediate release from custody or credit against his federal sentence for time spent in state custody. [D. E. No. 1 at 5] The Court has thoroughly reviewed Dotson's petition, custodial history, and supporting materials, and concludes that the petition must be denied.

8

First, the Court need not reach the merits of Dotson's arguments because they were or could have been asserted in a prior habeas corpus petition. His present petition therefore constitutes a successive application and/or an abuse of the writ. Claims asserted in habeas proceedings are not, strictly speaking, subject to principles of claim and issue preclusion. *Woo Dong v. United States*, 265 U.S. 239, 241 (1924). But a losing habeas petitioner may not simply shop his claims to a different court in hopes of obtaining a better result. Congress has enacted a statutory prohibition against repeated presentment of successive petitions:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Under this provision, where the claims asserted have previously been determined by another court in a prior habeas petition, the district court may dismiss the petition. *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991); *Thunder v. U.S. Parole Comm'n.*, 165 F. App'x 666, 668 (10th Cir. 2006); *Moses v. United States*, No. 95-5472, 1996 WL 132157, at *1 (6th Cir. 1996) ("The merits of petitioner's claims previously decided need not be relitigated pursuant to 28 U.S.C. § 2244 where, as here, the ends of justice would not be served."). A district court may also apply the abuse of the writ doctrine to refuse to consider claims which could or should have been asserted in a prior habeas proceeding. *McClesky*, 499

9

U.S. at 480-84; *Schlup v. Delo*, 513 U.S. 298, 318 n. 34 (1995) ("An 'abusive petition' occurs 'where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitle[s] him to the relief he seeks.'""); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 (6th Cir. 2003).

In this case Dotson's arguments have already been rejected in a thorough and well-reasoned opinion by a federal habeas court, *Dotson v. United States*, No. 3:12-CV-04-DHB-WLB, 2013 WL 1786568, at *3-5 (S.D. Ga. Mar. 7, 2013), *report and recommendation adopted*, 2013 WL 1786559 (S.D. Ga. Apr. 25, 2013), to say nothing of the half-dozen habeas petitions Dotson filed in the Georgia courts in the preceding decade. As this Court has previously explained:

> Allowing [a petitioner] to raise any claim in the instant proceeding that he actually raised in [a prior] case would constitute an impermissible successive petition; allowing him to raise a claim that could have been raised in that case would constitute an 'abuse of the writ' which this Court will not permit.

*Skinner v. Hastings*, No. 7:05-370-DCR, 2006 WL 2457934, at *4 (E.D. Ky. Aug. 22, 2006) (*citing Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1985)); *see also Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765-66 (6th Cir. 2008); *Dunne v. Zuercher*, No. 7:10-71-ART (E.D. Ky. 2010), *aff'd*, No. 12-5066 (6th Cir. 2012). The Court therefore concludes that it need not entertain Dotson's repetitive challenge to the administration of his sentence.

Even if the Court were to reach the merits of Dotson's petition, he has failed to establish substantive grounds for relief. As the BOP and the Southern District of Georgia correctly concluded, by virtue of the express terms of the Oklahoma federal judgment, its sentence ran consecutively to his Kentucky sentence which concluded in 2004. While two of his Kentucky convictions were temporarily invalidated in 2000, he remained subject at that time to two concurrent 10-year terms of imprisonment for Second Degree Escape in Warren County and Second Degree Robbery in Jefferson County. Therefore Dotson's assertion that there was no Kentucky sentence for him to serve at that point is simply incorrect. In 2004, Kentucky's decision to transfer Dotson to Georgia rather than to federal authorities was a matter of comity between sovereigns, and does not afford a basis for habeas relief. *United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002) (noting that primary jurisdiction "is a matter of comity to be resolved by the executive branches of the two sovereigns.").[4] As the Fifth Circuit aptly explained under similar circumstances:

> Causey contends that his return to state authorities after the federal revocation hearing should only have been for purposes of trial and conviction, and that we should create a rule that a prisoner is entitled to serve first the sentence arising from the first conviction.

---

[4] The Sixth Circuit has recently affirmed that this is not a question of standing or jurisdiction but merely a statement of the viability of the underlying claim for relief. *United States v. Johnson*, 932 F. 3d 965, 966-68 (6th Cir. 2019).

11

> This contention is not supported by case law. Although not on all fours with the case before us, there are cases in this Circuit in which a state sentence, imposed after a federal sentence, was nevertheless served first. *Lamb v. Heritage*, 310 F.2d 71 (5th Cir. 1962); *Harrell v. Shuttleworth*, 200 F.2d 490 (5th Cir. 1952). In both of these cases the petitioners were serving state sentences. Subsequently imposed federal sentences were ordered to commence as soon as the state sentences were completed. In the meantime, the prisoners were convicted of additional state crimes, committed while they were in prison. Instead of delivering the prisoners to the federal authorities at the conclusion of the first state sentences, as had been ordered originally, the states kept the prisoners to serve the additional state sentences. In each case we held that the federal sentence began to run, not after the first, but after all of the state sentences were completed, even though the later state sentences were imposed prior to the federal sentences.
>
> Moreover, the federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion. "A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." *Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir. 1950). *See Ponzi v. Fessenden*, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922).

*Causey v. Civiletti*, 621 F. 2d 691, 694 (5th Cir. 1980); see also *Hernandez v. United States Atty. Gen.*, 689 F.2d 915, 919 (10th Cir. 1982). Because the order the sentences were served was a matter of comity and did not result in any interruption in Dotson's service of his sentences, no habeas relief is warranted.

Finally, the BOP acted within its discretion in 2019 to deny Dotson's second request for a *nunc pro tunc* designation. When reviewing that determination, the Court's role is merely to determine whether the Warden's decision not to grant that

12

form of relief constituted an abuse of discretion. Cf. *Elwell v. Fisher*, 716 F. 3d 477, 486 (8th Cir. 2013); *Eccleston v. United States*, 390 F. App'x 62, 64-65 (3d Cir. 2010) ("The test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice.").

In the prior habeas petition, the respondent provided documentation establishing that the BOP had considered the factors set forth in Section 3621(b) – including the nature of the offense and the prisoner's history and characteristics, as well as any recommendation from the sentencing court regarding relief – and decided that the request should be denied. *Dotson v. United States*, No. 3: 12-CV-04-DHB-WLB (S.D. Ga. 2012) [D. E. No. 8-1 (Decl. of John Farrar) therein at 78, 80] In 2019 the BOP denied Dotson's most recent request, noting its consideration of the pertinent factors and that the sentencing court had previously "declined to offer a recommendation for such a designation." Given that there had been no material change in circumstances since Dotson's first request in 2011, the Court concludes that the BOP's determination was neither irrational nor palpably at odds with the factors set forth in 18 U.S.C. § 3621(b). Accordingly, the BOP did not abuse the wide discretion afforded it under *Barden*. Cf. *Ramos-Rodriguez v. Warden, FCI Fort Dix*, No. 11-2967, 2011 WL 4537749, at *2 (3d Cir. Oct. 3, 2011); *Alvarez v. Schultz*, 312 F. App'x 495, 497 (3d Cir. 2009).

Accordingly, the Court **ORDERS** as follows:

1. Eric Dotson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 15th day of November, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**